**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT J. ROEDL, | ) | Case No.: 20-31140 |
| | ) | Chapter 7 |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S MOTION
FOR EXAMINATION UNDER BANKRUPTCY RULE 2004 OF
ROBERT J. ROEDL**

NANCY J. GARGULA, the United States Trustee for the Southern District of Illinois, by Mark D. Skaggs, her attorney, and for her Motion For Examination Under Bankruptcy Rule 2004 of ROBERT J. ROEDL states as follows:

1. Nancy J. Gargula, (hereinafter referred to as the "U.S. Trustee"), is the duly appointed United States Trustee for the Southern District of Illinois pursuant to 28 U.S.C. §581(a)(10).

2. Pursuant to 28 U.S.C. § 586(a), the U.S. Trustee is charged by Congress with the duty to monitor the administration of cases commenced under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. ("Code").

3. ROBERT J. ROEDL ("Debtor"), commenced this case on December 18, 2020, by filing a voluntary petition for relief under Chapter 7 of the Code.

4. Debtor is represented by Ronald Allan Buch ("Attorney Buch") and UpRight Law, LLC, UpRight Law, LLC, 5312 West Main Street, Belleville, IL 62226 and UpRight Law LLC, 79 West Monroe St., Fifth Floor, Chicago, IL 60603 ("UpRight Law").

5. The Court conducted an initial hearing, a hearing set *sua sponte,* on January 12, 2021, concerning the *Disclosure of Compensation of Attorney* sought by UpRight Law.

6. Pursuant to the statements made in open court at that hearing, the Court directed UpRight Law to submit an accounting and itemization of the attorney's fees charged to and paid by the Debtor in this case.

7. UpRight Law filed its Accounting of Fees on February 11, 2021 as Court Docket Document # 21 ("Accounting").

8. The U.S. Trustee is in the process of reviewing not only the Accounting filed by UpRight in this case, but in numerous others cases pending in the Southern District of Illinois, along with, as directed by the Court, the facts and circumstances of the manner in which legal services are provided by UpRight Law for consumers whose cases are filed in the Southern District of Illinois.

9. The Bankruptcy Rules provide, "[o]n motion of any party in interest, the court may order the examination of any entity", and the production of documents may be compelled. Rules 2004(a) and 2004(c), respectively. An order authorizing a Rule 2004 examination may be entered ex parte. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). The scope of Rule 2004 includes obtaining information on, among other things:

> acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

*(See,* Rule 2004(b).)

10. A court may review compensation received by any attorney in connection with a case, "whether or not such attorney applies for compensation." 11 U.S.C. § 329(a). The examination may also relate to "any other matter relevant to the case …"  *(See,* Rule 2004(b).)

11. The U.S. Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *(See,* 28

U.S.C. § 586(a).) Congress has expressly given the United States Trustee standing under 11 U.S.C. § 307 to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. (*See,* 11 U.S.C. § 307.) (*See also, In re South Beach Secs,* 606 F.3d 366, 372 (7th Cir. 2010)*; United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994). *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990).) "In enacting § 307, Congress did not limit the issues which the United States Trustees may raise to those specifically enumerated in § 586. Rather, Congress used very broad, all-inclusive language to authorize the United States Trustees to raise any issue in any case or proceeding." *In re DeShetler,* 453 B.R. 295, 303 (Bankr. S.D. Ohio 2011). As such, the United States Trustee is not required to demonstrate any concrete, particularized injury under § 307 to assert standing. *See United Artist Theater Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003). Rather, the United States Trustee may take such actions as she deems necessary under § 307 to protect the public interest in the enforcement of federal bankruptcy law, *In re Clark*, 927 F.2d 793, 796 (4th Cir. 1991), and her broad standing includes seeking and obtaining a Rule 2004 Examination of debtor, creditors and other third parties. *In re DeShetler,* 453 B.R. at 306-307; *In re Youk-See,* 450 B.R. 312, 323 (Bankr. D. Mass. 2001).

12.     In enacting §329 and Bankruptcy Rules 2016 and 2017, overreaching by debtor's counsel and preservation of the assets of the bankruptcy estate for the benefit of creditors were among the matters in the bankruptcy arena Congress addressed. *See* H.R.Rep. No. 595, 95th Cong., 2d Sess., at 329, reprinted in 1978 U.S.C.C.A.N. 5963, 6285; *In re Geraci,* 138 B.R. 314, 320 (7th Cir. 1998). Similarly, 11 U.S.C. § 526 – 528, which cover attorneys, among other debt relief agencies, were enacted as part of the Bankruptcy Abuse Prevention and Consumer protection Act of 2005 (BAPCPA) "to correct perceived abuses of the bankruptcy system." *Milavetz, Gallop &*

*Milavetz, P.A. v. United States,* 559 U.S. 229, 231–32, 130 S.Ct. 1324, 176 L.Ed.2d 79 (2010). Accordingly, the factual circumstances involving the reasonableness of attorney's fees and the propriety of the transactions between the Debtor and Attorney Buch and UpRight Law are among the matters the U.S. Trustee may investigate by way of a Rule 2004 Examination.    *See* 11 U.S.C. §§ 307, 329, 526-528, 707(b)(4)(C) and Fed.R.Bankr.P. 2016 and 2017.

13. The scope of a Rule 2004 Examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or *any matter affecting the administration of the bankruptcy estate*. (Emphasis added.)   *In re Sheetz,* 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011). The fees UpRight Law charged and the assistance they provided may affect the administration of the above-captioned bankruptcy estate.  *In re Hayes,* 2017 L 3264008 (Bankr. N.D. Ga. July 31, 2017).

14. The exact nature of the various agents of UpRight Law and their involvement in the case and the extent to which those agents may have influenced what chapter Debtor filed and how much the fees were charged may be related directly to the question of the value of the services provided.   In determining the reasonableness of the fees UpRight Law charged, it is unquestionably relevant whether a non-lawyer explained to Debtor the difference between chapter 7 and chapter 13, thus defining and explaining legal terms of art.   *See In re Pinkins,* 213 B.R. 818, 821 (Bankr. E.D. Mich. 1997).

15. UpRight Law's contention that the scope of the examination should be limited should be rejected.   Greater latitude of inquiry is permitted in a Rule 2004 Examination than in depositions under the Federal Rules of Civil Procedure, and the examination can legitimately be in the nature of a fishing expedition. *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (citations and quotations omitted); *In re Sheetz,* 452 B.R. at 748.   Of course, this inquiry directly

relates to the Court's request to the U.S. Trustee to investigate.  As such, "the fact that [an examination] may also produce information which in turn may collaterally be used by third parties in separate litigation … is no reason to restrict its use or to shield parties ... from such possible litigation." *In re Lufkin,* 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (citing and quoting *In re Mittco, Inc.,* 44 B.R. 35, 38 (Bankr.E.D.Wis.1984).

16. The U.S. Trustee wishes to examine Debtor, Robert J. Roedl, among other things, concerning the process undertaken in deciding to file bankruptcy, interactions between Debtor and Debtor's attorneys, how the bankruptcy schedules and related documents were prepared and completed, the materials reviewed by Debtor's attorneys in preparing and completing the schedules and related materials, the financial affairs and assets owned by the Debtor, with whom Debtor interacted and communicated with concerning his bankruptcy filing, as well as the particular tasks performed by UpRight Law, the timing of the various tasks, who performed the tasks, where the tasks were performed, length of time between the date of the final payment of UpRight Law fees and the actual filing of the bankruptcy case, and other matters relevant to the services provided by UpRight Law.

17. The facts disclosed to date in the record establish "good cause" to grant this Motion for Rule 2004 Examination.   Specifically:

> (a) Debtor initially spoke with a non-attorney UpRight Law staff person on July 9, 2019 (Accounting);
> (b) Debtor paid the attorney's fees and court costs from the date of that initial contact on July 9, 2019 through November 1, 2019, a period of 115 days;
> (c) Debtor's case, however, was not filed with the Bankruptcy Court until December 18, 2020, a period of 413 days from the date that UpRight Law was paid in full (Accounting and Voluntary Petition filing Date);
> (d) The first attorney Debtor spoke with was UpRight Law Partner Attorney Buch, on July 10, 2019, through a telephone call that did not last more than 12 minutes (Accounting);
> (e) Other than the call referenced in (d) above, Attorney Buch did not speak with Debtor again until he met with the Debtor for the first time on November 13, 2019,

       more than four months after Debtor first retained UpRight Law;

(f) It then appears that Debtor spent significant time gathering documents necessary to complete the bankruptcy filing (Accounting);

(g) It is unclear when UpRight Law advised Debtor of the documents and information that he would need to have in order to prepare and then file his bankruptcy petition in a timely manner;

(h) It is also unclear what documents UpRight Law reviewed in preparing the petition and schedules in order to fulfill its obligations consistent with various Code provisions including Section 707(b)(4)(C);

(i) That the partnership agreement between UpRight Law and Partner Attorney Ronald Buch requires the partner attorney to be in contact with the Debtors each and every month, though that policy or requirement does not appear to have been followed in this case; and,

(j) Partner Attorney Ronald Buch's regular fee ($1,120) when not acting as a Partner Attorney of UpRight Law is significantly less than the fee charged by UpRight Law in this case ($1,250).

Each of the foregoing facts and issues constitute "good cause" and an additional basis on which this Court should grant this Motion.

    18.    Given the number of requests to be made and the specific documents requested as well as based upon general discussions with UpRight Law counsel and the position taken by UpRight Law in other similar cases before this Court, on February 12, 2021, the undersigned counsel for the U.S. Trustee made a request via email of UpRight Law that UpRight Law agree, within seven (7) days of the email, to the Rule 2004 Examination requested herein and to the request for a Rule 2004 Examination of the Debtor.

    19.    On February 19, 2021, Attorney Charles Armgardt, who has entered his appearance in this case as the attorney representing UpRight Law and Attorney Buch responded by providing a copy of the retention agreement but no other documentation and further stated that "for reasons stated previously in the context of other cases, it respectfully declines to provide consent to your request to take Rule 2004 examinations in the matter."

    20.    To be clear, the U.S. Trustee is requesting that in this Motion, and in conjunction with the *United States Trustee's Motion for Examination Under Bankruptcy Rule 2004 of Ronald*

*A. Buch* ("Attorney Examination Motion"), that UpRight Law be required to produce the Requested Documents as identified in the Attorney Examination Motion within 30 days of the entry of the Order approving the Attorney Examination Motion, assuming that approval is obtained, and, after receipt of the Requested Documents, the parties will select a mutually agreed upon date to conduct the examination sought under this Motion and the Attorney Examination Motion should the U.S. Trustee request the examinations be set.

**WHEREFORE**, the U.S. Trustee respectfully requests and prays that this Court enter an Order directing ROBERT J. ROEDL, to appear for examination pursuant to Bankruptcy Rule 2004 upon a date to be agreed upon by the parties hereto, and for such other relief as this Court may deem appropriate.

Dated: March 1, 2021

Respectfully Submitted,

NANCY J. GARGULA,
United States Trustee

*/s/ Mark D. Skaggs*

Mark D. Skaggs,
Trial Attorney

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing was served upon counsel via the Clerk of the Court's CM/ECF filing system and upon Debtor(s) via regular first class mail, proper prepaid postage and deposited at a U.S. Mailbox in Peoria, Illinois on March 1, 2021 addressed as follows:

> Robert J. Roedl
> 5706 G Rd
> Waterloo, IL 62298

*/s/ Mark D. Skaggs*

Mark D. Skaggs

Mark D. Skaggs, ARDC No.: 6210087
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602
Phone: (309) 671-7854, ext. 226
**Mobile: (202) 495-9571**
Email: Mark.D.Skaggs@usdoj.gov